**FEDERAL DISCTRICT COURT OF WASHINGTON
WESTERN DISTRICT AT SEATTLE**

| | |
|---|---|
| URBANO VELASQUEZ, an individual,<br><br>　　　　　　　　　Plaintiff,<br>vs.<br><br>KING COUNTY, a political subdivision of the state of Washington, DEPUTY DEVON STRATTON, a King County Sheriff's Department Deputy, DEPUTY WEST, a King County Sheriff's Department Deputy, DEPUTY DONAGLIA, King County Sheriff's Department Deputy, and DOES 1 through 5, inclusive,<br><br>　　　　　　　　　Defendants. | No.  2:19-cv-745<br><br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, NEGLIGENCE, ASSAULT AND BATTERY, STRICT LIABILITY**<br><br>**JURY DEMANDED** |

　　　　COMES NOW Plaintiff, Urbano Velasquez, by and through his attorney, Stephen J. Plowman, states the following facts and claims against the named Defendants:

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, NEGLIGENCE, ASSAULT AND BATTERY, STRICT LIABILITY

Page 1 of 9

STEPHEN J. PLOWMAN  WSBA No. 21823
8048 NE 8TH STREET
MEDINA, WASHINGTON 98039
TEL. (425) 233-0321
EMAIL.  SJPLOWMANLAW@GMAIL.COM

## I.  PARTIES AND JURISDICTION

1.1   Urbano Velasquez, was at all relevant times, a married adult male residing in King County, Washington.  Urbano Velazquez was previously employed as a farm hand and laborer in the Enumclaw-Cumberland area.

1.2   Defendant, King County, is a political subdivision of the state of Washington that . operates the King County Sheriff;s Office.  All actions on the part of the individual Sheriff Deputies constitute state actions for purposes of Civil Rights Violations as described hereafter.

1.3   During all relevant times alleged hereafter, Defendant, King County, employed Deputies Stratton, West and Donaglia.

1.4   Subject matter jurisdiction is appropriate in the federal courts premised upon the civil rights violations being asserted under 42 U.S.C. §1983.

## II.  BACKGROUND

2.1   This matter arises out of an encounter with the King County Police and the named individual Sheriff's Deputies, Stratton, West and Donaglia which occurred on May 20, 2019 at approximately 4:00 AM.

2.2   In the early hours of the morning of May 20, 2016, the King County Sheriff's Department responded to a complaint made by Stacey Velazquez that Urbano Velazquez "was pulling her and had been drinking alcohol."

2.3   Deputy Stratton encountered Stacey Velazquez at the residence and she signaled police that Urbano Velazquez had walked northward on the property toward an outbuilding.

2.4   Deputy Stratton release Sheriff's dog "Luky" from the police car and searched the Velazquez property utilizing the Sheriff's dog's sensing and tracking capabilities.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, NEGLIGENCE, ASSAULT AND BATTERY, STRICT LIABILITY

Page 2 of 9

STEPHEN J. PLOWMAN  WSBA No. 21823
8048 NE 8TH STREET
MEDINA, WASHINGTON 98039
TEL. (425) 233-0321
EMAIL. SJPLOWMANLAW@GMAIL.COM

2.5     Eventually, police tracked Urbano Velazquez to a crawl space under the residence where they initiated the search.  The Police Report asserts that Deputy Stratton called out to Urbano Velazquez warning that if he did not come out, Deputy Stratton would let the dog loose and the dog would bite him.  Deputies Stratton and Donaglia state that they looked into the crawl space and could not see anyone.  Deputies allege that they repeated warnings to come out, show hands and to respond but heard nothing.

2.6.    Urbano Velazquez, did, in fact, hide in the crawl space.  He saw two Sheriff's Deputies standing a few feet away from the doorway.  Deputies did call out for Urbano Velazquez to show himself and surrender and Urbano Velazquez did respond and told the Deputies that he was coming out from the crawl space and not to loosen the dog.  Urbano Velazquez repeated his surrender plea and asked the Deputies not to loosen the dog.  This exchange between the King County Sheriff Deputies and Urbano Velazquez was heard by Stacey Velazquez and the children inside the house.

2.7     Urbano Velazquez approached the small portal just a few feet inside the crawl space clearly visible to the Deputies who were positioned very close to the crawl space doorway. Urbano Velazquez could clearly see the Deputies who His arms were positioned head high in an attempt to demonstrate surrender and to block the two flashlight beams pointed directly at his face in order to see the portal and exit the crawl space.  Again he told Deputies that he was coming out peacefully and at that point, the K9 dog, Luky was loosened and began a savage attack on Urbano Velazquez.

2.8     Luky the Police Dog tore into Urbano Velazquez' arm that was lifted to surrender and protect his eyes.  Luky's vicious attack carved large portions of flesh from the arm of

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, NEGLIGENCE, ASSAULT AND BATTERY, STRICT LIABILITY

Page 3 of 9

Stephen J. Plowman  WSBA No. 21823
8048 NE 8th Street
Medina, Washington 98039
Tel. (425) 233-0321
Email. sjplowmanlaw@gmail.com

Urbano Velazquez, damaging and destroying muscle tissue and destroying nerves and vascular systems.

2.9  The damage caused by Luky the Police Dog, left the arm of Urbano Velazquez powerless, non-funcional and nearly useless for the type of work previously performed by him.

### III.  FIRST CAUSE OF ACTION

(42 U.S.C. §1983 Against King County and all individual Deputies)

3.1  Plaintiff incorporates all prior allegation into this First Cause of Action.

3.2  In accordance with 42. U.S.C. §1983, Plaintiff asserts causes of actions premised upon the violations of Urbano Velazquez' rights under the Fourth and Fourteenth Amendments not to be deprived of life, liberty, or property with the due process of law. With regard to Deputies Stratton, West and Donaglia, Plaintiff maintains the usage of excessive force with regard to the unnecessary release of the Police Dog after Urbano Velazquez had effectively surrendered and communicated his surrender to King County Police. Each of the dog bites and attacks, individually and collectively, constituted the use of excessive and unnecessary lethal force.

3.3  With regard to King County and its Sheriff's Department, Plaintiff asserts a pattern and practice of the same or similar civil rights violations perpetrated by officers or deputies within King County Sheriff's Office and ratified by supervising officers.

3.4  King County Sheriff's Office, its supervisors, training staff and chain of command were negligent and grossly negligent in their supervision, monitoring, training and governance of Police Dogs, Officer Handlers in allowing such lack of supervision, training or monitoring to prevent the unnecessary excessive force utilized to subdue Urbano Velazquez,

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, NEGLIGENCE, ASSAULT AND BATTERY, STRICT LIABILITY

Page 4 of 9

STEPHEN J. PLOWMAN  WSBA No. 21823
8048 NE 8TH STREET
MEDINA, WASHINGTON 98039
TEL. (425) 233-0321
EMAIL.  SJPLOWMANLAW@GMAIL.COM

who had already surrendered and communicated the fact that he was unarmed and willing to comply with King County Sheriff Deputies' directions.

3.5. As a direct and proximate result from Defendants' collective conduct, Urbano Velazquez sustained severe permanent, disabling, and cosmetic injuries to his arm and body which have been rendered largely weakened, inoperable and dysfunctional.

3.6 Defendants are liable to Plaintiff in the amount of Two Million Dollars for the damages and permanent injuries as alleged above and judgment should be entered in favor of Plaintiff and against each Defendant, jointly and severally for all damages sustained by Plaintiff.

## IV. SECOND CAUSE OF ACTION

(Negligence as to Deputies Stratton, West and Donaglia)

4.1 Plaintiff references all prior allegations as though fully set forth in this Second Cause of Action.

4.2 In their capacities as Sheriff's Office Deputies, Deputies Stratton, West and Donaglia owed a duty to Plaintiff, once Plaintiff clearly manifest his willingness to surrender and showed raised arms and bare hands evincing his lack of weapons and desire to surrender, to restrain Luky and not allow Luky to attack and maim Plaintiff.

4.3 Deputies Stratton, West and Donaglia breached their duty to protect Plaintiff from excessive and unreasonable force and harm from Luky by allowing Luky to advance upon and attack Urbano Velazquz.

4.4 Plaintiff suffered damages and harm to his person and arm as proximate and direct result of Defendants (Deputies) negligence in the form of permanent scarring, permanent partial disability and loss of the enjoyment and use of Plaintiff's arm.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, NEGLIGENCE, ASSAULT AND BATTERY, STRICT LIABILITY

Page 5 of 9

STEPHEN J. PLOWMAN WSBA No. 21823
8048 NE 8TH STREET
MEDINA, WASHINGTON 98039
TEL. (425) 233-0321
EMAIL. sjplowmanlaw@gmail.com

4.5     Plaintiff suffered physical, emotional and financial damages as a direct and proximate result of the Officer's conduct on May 20, 2016 in an amount to proven hereafter at Trial in an amount not less than $2,000,000.00.

## V.     THIRD CAUSE OF ACTION

(Negligence as to King County (King County Sheriff's Office) for lack of Supervision, Training and Oversight)

5.1     Plaintiff references all prior allegations as though fully set forth in this Third Cause of Action.

5.2     In its capacity as a political subdivision of the state of Washington, King County, through the King County Sheriff's Office, owed a duty to Plaintiff to supervise the conduct of its deputies regarding excessive and unwarranted force and provide proper training to its deputies and especially the K9 unit.  King County owed a duty to Plaintiff to provide clear policy guidelines to restrain a police dog once a suspect clearly manifests his or her willingness to surrender and demonstrates compliance, lack of weapons and willingness to surrender without violence.

5.3     King County breached its duty to protect Plaintiff from excessive and unreasonable force and harm from the Defendant Deputies and Luky by allowing failing to supervise, oversee and train King County Sheriff Deputies and Dog Handlers.

5.4     Plaintiff suffered damages and harm to his person and arm as proximate and direct result of King County's negligence in the form of permanent scarring, permanent partial disability and loss of the enjoyment and use of Plaintiff's arm.

5.5     Plaintiff suffered physical, emotional and financial damages as a direct and proximate result of King County's failure to supervise and train its police officer's conduct on

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, NEGLIGENCE, ASSAULT AND BATTERY, STRICT LIABILITY

Page 6 of 9

STEPHEN J. PLOWMAN WSBA No. 21823
8048 NE 8TH STREET
MEDINA, WASHINGTON 98039
TEL. (425) 233-0321
EMAIL. SJPLOWMANLAW@GMAIL.COM

May 20, 2016 in an amount to proven hereafter at Trial in an amount not less than $2,000,000.00.

## VI. FOURTH CAUSE OF ACTION

(Assault and Battery as to All Defendants)

6.1 Plaintiff references all prior allegations as though fully set forth in this Fourth Cause of Action.

6.2 The actions allege above by Deputies Stratton, West and Donaglia constitute assault by threatening to use illegal excessive and lethal force by unleashing Luky under circumstances that did not warrant the use of any force whatsoever.

6.3 Deputies Stratton, West and Donaglia committed battery by cause Luky, as their agent, to commit harmful and offensive touching.

6.4 As a direct and proximate result of King County's assault and battery, Plaintiff suffered physical, emotional and financial damages on May 20, 2016 in an amount to proven hereafter at Trial in an amount not less than $2,000,000.00.

## FIFTH CAUSE OF ACTION

(Strict Liability as to All Defendants under RCW 16.08.040 and

RCW 4.24.410  carve out)

6.1 Plaintiff references all prior allegations as though fully set forth in this Fifth Cause of Action.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, NEGLIGENCE, ASSAULT AND BATTERY, STRICT LIABILITY

Page 7 of 9

STEPHEN J. PLOWMAN  WSBA No. 21823
8048 NE 8TH STREET
MEDINA, WASHINGTON 98039
TEL. (425) 233-0321
EMAIL. sjplowmanlaw@gmail.com

6.2     Defendants The actions allege above by Deputies Stratton, West and Donaglia constitute assault by threatening to use illegal excessive and lethal force by unleashing Luky under circumstances that did not warrant the use of any force whatsoever.

6.3     Pursuant to RCW 16.08.040, King County and Deputies Stratton, West and Donaglia are strictly liable for injuries sustained by Plaintiff as a result of being bitten by the K-9 utilized during Plaintiff's Arrest.

6.4     Defendants, and each of them, may not invoke immunity proffered by RCW 4.24.410 by reason that Deputies Stratton, West and Donaglia were not acting "in good faith" when they loosened or failed to restrain Luky after Urbano Velazquez clearly communicate his surrender to the Deputies and demonstrated his willingness to comply by emerging, unarmed with hands and arm    s raised from the crawl space.

6.5     As a direct and proximate result of King County's and the Defendant Deputies' failure to restrain Luky after his surrender, Plaintiff suffered physical, emotional and financial damages on May 20, 2016 in an amount to proven hereafter at Trial in an amount not less than $2,000,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, having set forth his causes of action herein against Defendants, prays for judgment against Defendants as follows:

1.     For a judgment, jointly and severally amongst all Defendants for their violation of Plaintiff's Civil Rights under 42 U.S.C. §1983, for general and special and punitive damages in amounts as shall be proven at trial;

2.     For a judgment, jointly and severally amongst Deputies Stratton ,West and Donaglia by reason of their negligence and breach of duty with respect to Plaintiff, for general

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, NEGLIGENCE, ASSAULT AND BATTERY, STRICT LIABILITY

Page 8 of 9

Stephen J. Plowman  WSBA No. 21823
8048 NE 8th Street
Medina, Washington 98039
Tel. (425) 233-0321
Email. sjplowmanlaw@gmail.com

and special damages proximately resulting from Defendant's negligence in amounts as shall be proven at trial, but not less than $2,000,000.00;

    3. For a judgment against King County by reason of its failure to supervise, oversee and train its Deputies and K9 handlers and breach of duty with respect to Plaintiff, for general and special damages proximately resulting from Defendant's negligence in amounts as shall be proven at trial, but not less than $2,000,000.00;

    4. For a judgment, joint and several, against all Defendants for damages sustained by Plaintiff by reason of Defendants' assault and battery, for general and special damages proximately resulting from Defendant's assault and battery in amounts as shall be proven at trial, but not less than $2,000,000.00;

    5. For a judgment, jointly and severally amongst all Defendants through strict liability under RCW 16.08.040 and RCW 4.24.410 in amounts as shall be proven at trial, but not less than $2,000,000.00;

    6. For general, special and punitive damages, prejudgment interest and post judgment interest in amounts as shall be proven at trial including all taxable costs, reasonable attorney's fees in accordance with law, and otherwise, for Plaintiffs costs and disbursements herein incurred, and for such other and further relief as the Court may deem just and equitable under the circumstances.

DATED this 16th day of May 2019.

    *s/Stephen J. Plowman*
    Stephen J. Plowman, WSBA No. 21823
    Representing Plaintiff, Urbano Velasquez
    8048 NE 8th Street
    Bellevue, WA  98004
    Tel. (425) 233-0321
    Email:  sjplowmanlaw@gmail.com

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, NEGLIGENCE, ASSAULT AND BATTERY, STRICT LIABILITY

Page 9 of 9

STEPHEN J. PLOWMAN  WSBA No. 21823
8048 NE 8TH STREET
MEDINA, WASHINGTON 98039
TEL. (425) 233-0321
EMAIL.  SJPLOWMANLAW@GMAIL.COM